By the Court.
 

 The sole question raised in this proceeding is whether the power to issue additional bonds has been affected by the lapse of time intervening between the authorization by the election and the proposed issuance.
 

 There is no constitutional time limitation and at the date when the electorate approved this bond issue the General Assembly had placed no time limit within which voted bonds could be issued.
 

 Section 2293-23&, General Code (115 Ohio Laws, 442), effective October 4, 1933, placed a time limit upon the power to issue voted bonds and subsequent amendments of that section extended the time limit to January 1, 1941 (117 Ohio Laws, 867).
 

 It has been stated in argument that prior to beginning the present mandamus action a taxpayer of Cuyahoga county made written demand that the prose
 
 *324
 
 cuting attorney institute an action to enjoin the commissioners from issuing and delivering the bonds on the ground that since an unreasonable length of time had elapsed between the election and the attempted exercise of power, the authority conferred by the election had become stale and the power had lapsed.
 

 The legislative branch of the government having ex- • tended the time when voted bonds may be issued, this court cannot say that an unreasonable length of time had elapsed and that the authority conferred by the election had lapsed when exercised within the period prescribed by statute.
 

 The demurrer to the petition will be overruled and, respondents not desiring to plead further, a writ of mandamus will be allowed.
 

 Writ allowed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur. i